Case 6:16-cv-00002-NKM-RSB Document 27 Filed 06/29/17 Page 1 of 7
Pageid#: 2516

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/29/2017

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHEYENNE D. LUCKADO, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 6:16-CV-2 |
| | ) |
| NANCY A. BERRYHILL[1], Acting | ) |
| **Commissioner of Social Security** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Cheyenne D. Luckado ("Luckado") challenges the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for supplemental security income ("SSI"), and disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. Luckado alleges that the ALJ erred by failing to include handling and fingering limitations in her residual functional capacity ("RFC") assessment and by posing a hypothetical question to the vocational expert without the limitation. I conclude that substantial evidence supports the Commissioner's decision on all grounds. As such, I **RECOMMEND** that Luckado's motion for summary judgment (Dkt. No. 17) be **DENIED** and the Commissioner's motion for summary judgment (Dkt. No. 21) be **GRANTED**.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence supports the Commissioner's conclusion that Luckado failed to demonstrate that she was disabled under

---

[1] Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Luckado filed for DIB on December 15, 2011 and SSI on December 22, 2011, claiming that her disability began on December 6, 2011. R. 224–37, 249. The Commissioner denied the applications at the initial and reconsideration levels of administrative review. R. 74–98, 100–127. On August 6, 2013, an ALJ dismissed Luckado's request for a hearing on the grounds it was untimely filed. R. 131–32. The Appeals Council vacated the dismissal, finding good cause for Luckado's late filing, and remanded the case. R. 133–35. On June 26, 2014, ALJ Jeffrey J. Schueler held a hearing to consider Luckado's disability claim. R. 43–73. Luckado was represented by an attorney at the hearing, which included testimony from vocational expert Asheley Wells. Id.

On July 25, 2014, the ALJ entered his decision analyzing Luckado's claim under the familiar five-step process,[3] denying Luckado's claim for disability. R. 23–37. The ALJ found

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform

that Luckado suffered from the severe impairments of obesity and traumatic crush injuries to her pelvis and lower extremities. R. 25. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 27.

The ALJ further found that Luckado retained the RFC to perform sedentary work wherein she can lift/carry up to 10 pounds frequently and 20 pounds occasionally; can stand/walk for two hours and sit for six hours in an eight hour work day; can never crawl or climb ladders, ropes or scaffolds; can occasionally kneel, crouch, stoop, balance, climb ramps and stairs or operate foot controls with her bilateral lower extremities; and should avoid concentrated exposure to vibration, hazardous or moving machinery, and unprotected heights. R. 28. The ALJ determined that Luckado could return to her past relevant work as a receptionist, and therefore concluded that Luckado was not disabled. R. 35–36. On December 2, 2015, the Appeals Council denied Luckado's request for review (R. 1–4), and this appeal followed.

## ANALYSIS

Luckado argues that the RFC, as determined by the ALJ, and the hypothetical question presented to the vocational expert are not supported by substantial evidence because the ALJ did not include reaching, handling and fingering limitations. I have reviewed the record and find that substantial evidence supports the ALJ's decision not to include reaching, handling and fingering limitations in the RFC and hypothetical question presented to the vocational expert.

Luckado bears the burden of proving not only that she has a severe impairment, but that it is so severe that it prevents her from engaging in any substantial gainful activity that exists in the

---

other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

3

national economy, and she failed to meet this burden. Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986). In her disability application, Luckado did not claim she was disabled due to any injuries or conditions affecting her hands or upper extremities. R. 76. Instead, Luckado filed for disability due to a "pubic ramus fracture, closed fracture of left acetabulum, Lisfranc's dislocation, left ankle fracture, tibia/fibula fracture, ACL rupture, tear[s] [in her knee], lateral meniscus tear, [and] panic disorder" resulting from a "severe crush injury" with multiple fractures to both legs, her hip and pelvis. Id. In the years prior to applying for disability benefits, Luckado saw her primary care physician, Steven Ridout, M.D., and did not complain about her hands. R. 637–45. The treatment notes from these visits with Dr. Ridout do not indicate that Luckado has suffered from any medical condition affecting her upper extremities. Id.

In December 2011, Luckado received treatment for injuries to both legs and her pelvis following an accident in which a pallet of steel rods fell from a forklift onto her lower body. R. 80, 309, 316, 393–95. Luckado did not have any injuries to her upper extremities or hands. Id. On December 13, 2011, five days after the accident, Dr. Gabriel Gorin, M.D., a physical medicine and rehabilitation physician, documented that Luckado had full, painless range of motion, full motor strength, and symmetrical reflexes in her upper extremities. R. 505. In January 2012, Luckado saw Dr. Ridout for continued pain complaints following the accident and medication management. R. 635. She specifically denied any other "acute problems." Id. In May 2012, Luckado saw Dr. Ridout again and did not report any issues with her hands or upper extremities. R. 1446–47.

State agency physicians also reviewed Luckado's case. In March 2012, Dr. Donald Williams, M.D., reviewed the evidence and concluded that Luckado could lift 10 pounds frequently and 20 pounds occasionally and did not have any manipulative limitations. R. 83–5.

Dr. Bert Spetzler, M.D., reviewed Luckado's evidence again in February 2013 and found she could lift 10 pounds frequently and 20 pounds occasionally, could stand/walk for 2 hours in an 8-hour work day, and could sit for 6 hours in an 8-hour work day. He also found she did not have any manipulative limitations. R. 110–12.

In February 2014, Dr. William Humphries, M.D., conducted a consultative examination at the request of the state agency and noted Luckado had a history of carpal tunnel syndrome and a painful knot at her right wrist. R. 1414. Luckado stated she had some burning pain in her right metatarsals, but denied numbness in her right hand and wrist. Id. At the hearing, Luckado testified she had problems manipulating car parts at her prior assembly line job because of her carpal tunnel syndrome. R. 48–9. She testified that her hand "kept falling asleep" and her doctors told her to use braces, which did not always help. R. 49, 58.

Dr. Humphries found Luckado had no tenderness or deformity in her upper extremities and that she had full (5 out of 5) grip strength. R. 1415. She had adequate fine motor manipulation, a negative Tinel's sign bilaterally, and her deep tendon reflexes were 1+ and equally bilaterally. R. 1415–16. Luckado's upper extremity range of motion ("ROM") was normal aside from near full range of motion (50 out of 60 degrees flexion) of her right wrist and 80 out of 90 degrees flexion of her metacarpophalangeal joints. R. 1424. Dr. Humphries diagnosed Luckado with carpal tunnel syndrome based on her history and found she could still lift up to 10 pounds frequently and 20 pounds occasionally, could frequently reach and feel with her bilateral upper extremities, could handle, finger, and push/pull occasionally with her right upper extremity, but frequently with her left upper extremity. R. 1417–19.

The ALJ gave little weight to Dr. Humphries's assessment that Luckado can only occasionally handle, finger, push and pull with her right hand because "it [was] not supported by

objective evidence.  His own physical examination showed full strength and range of motion in the bilateral upper extremities.  The claimant did not seek any medical treatment for alleged carpal tunnel symptoms since the alleged onset date." R. 34.  The medical evidence of record supports this conclusion and the ALJ's decision is entitled to deference.  Dr. Humphries's assertions are inconsistent with Luckado's reported hobbies, which include painting by numbers, coloring "fuzzy posters", making wood burnings, and in February 2014, painting and refinishing furniture. R. 263–64, 1426.  These activities require significant manipulation, and Luckado stated she had no difficulty performing these activities; she did them "very well." R. 264.  There is no indication Luckado had restrictions in her ability to reach, handle, finger, push or pull that would require a limitation in her RFC.  Therefore, substantial evidence supports the ALJ's decision.

Finally, the ALJ did not err by failing to include any additional limitations in terms of handling, fingering, reaching, pushing and pulling in his hypothetical question presented to the vocational expert. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005) (holding that hypothetical questions are adequate if they reflect a RFC for which the ALJ had substantial evidence).  It is not the Court's role to weigh the conflicting evidence or substitute its judgment for that of the ALJ.  Substantial evidence supports the decision and it should be affirmed.

## CONCLUSION

For the reasons set forth above, I recommend that Luckado's motion for summary judgment be **DENIED**, and the Commissioner's motion for summary judgment be **GRANTED**.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any

objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

    Entered: June 29, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge